# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>               Plaintiff,<br><br>v.<br><br>K. KYLE, *et al.*,<br><br>               Defendants. | Case No. 1:19-cv-00462-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SEAL<br><br>(ECF NO. 8) |

Plaintiff, Devonte B. Harris, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's request to seal documents. (ECF No. 8.) Plaintiff moves to seal all documents related to this case, including the complaint, because this action relates to Plaintiff's mental health and the mental health treatment Plaintiff received or did not receive. The Court will deny the motion.

## LEGAL STANDARD

All documents filed with the court are presumptively public. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-

1

established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). The party seeking to seal a particular judicial record has the burden of overcoming the presumption of public access. *Kamakana*, 447 F.3d at 1178. To meet this burden, the party must articulate "compelling reasons" that outweigh "the general history of access" to court records and "public policies favoring disclosure." *Id.* 1178-79 (citations omitted).

The Court must "conscientiously balance" the "competing interests" of the public and the party seeking to seal the judicial record. *Id.* at 1179. The determination as to what constitutes a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

Here, Plaintiff's seeks to seal the entire court record. In support of his request, Plaintiff cites to the confidentiality and privacy generally provided for mental health records. Plaintiff contends that, because this action relates to his mental health and mental health treatment, the entire court record should be sealed to preserve his general right to privacy and confidentiality. (ECF No. 8.)

Although privacy of mental health information is important, a general appeal to the private nature of the case does not, without more, justify sealing it. *See Kamakana*, 447 F.3d at 1179. This is because even embarrassing information and documents are not exempt from the public's right to access. *See id.* ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). Indeed, because the purpose of sealing documents is to hide them from public view, some interest in privacy or confidentiality is at the heart of nearly every request to seal documents.

Here, because of the "strong presumption in favor of access to court records," *Center*

*for Auto Safety*, 809 F.3d at 1096, and because Plaintiff has not articulated any specific reason, other than the general subject matter of the action—his mental health—for why the entire court record and his complaint should be sealed, *Kamakana*, 447 F.3d at 1178, Plaintiff's motion to seal the entire record, including his complaint, will be denied.

The Court notes, however, that this ruling does not foreclose Plaintiff from requesting, in the future, that certain documents be filed under seal. In making such requests, Plaintiff must comply with all applicable Federal Rules of Civil Procedure and the Local Rules, including Local Rules 140 and 141. The Court's ruling also does not foreclose Plaintiff from seeking a protective order in relation to such documents, as provided for under Local Rule 141.1 and Federal Rule of Civil Procedure 26(c). The Court also provides Plaintiff with the following additional guidance.

Two standards generally govern requests to seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180 (citations omitted). In contrast, a "'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions:
> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Kamakana*, 447 F.3d at 1178-79 (internal quotation marks, omissions, and citations omitted).

The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097-1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)).

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Seal (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated: **September 23, 2019**　　　　/s/ *Erin P. Gross*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE