1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6    DEVONTE B HARRIS,                       1:19-cv-00462-DAD-EPG (PC)

7                    Plaintiff,              FINDINGS AND RECOMMENDATIONS,
                                             RECOMMENDING THAT PLAINTIFF'S
8         v.                                 MOTION FOR TEMPORARY INJUNCTIVE
                                             RELIEF BE DENIED
9    K KYLE, et al.,
                                             (ECF Nos. 9, 22)
10                   Defendants.
                                             OBJECTIONS, IF ANY, DUE WITHIN
11                                           TWENTY-ONE DAYS

12

13        Plaintiff, Devonte B. Harris, is a state prisoner proceeding *pro se* and *in forma pauperis* in

14   this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion

15   for temporary injunctive relief (ECF Nos. 9, 22). For the reasons discussed below, the Court

16   recommends that Plaintiff's motion be denied as moot.

17        On May 16, 2019, Plaintiff filed a document titled "Memorandum of points and

18   authorities in support of Plaintiff's motion for a temporary restraining order and preliminary

19   injunction." (ECF No. 9.) Plaintiff did not, however, filed an accompanying motion for

20   temporary injunctive relief. On September 20, 2019, Plaintiff filed a "request for ruling on

21   temporary restraining order." (ECF No. 22.) Based on this request, the Court construed Plaintiff's

22   memorandum of points and authorities (ECF No. 9) combined with Plaintiff's request for ruling

23   on temporary restraining order (ECF No. 22) as a motion for temporary injunctive relief and

24   directed Defendants to file a response. (*See* ECF No. 24.) Defendants filed their opposition to

25   Plaintiff's motion on October 14, 2019 (ECF No. 27), and Plaintiff filed his reply in support of

26   his motion on October 28, 2019 (ECF No. 33).

27        In his motion for preliminary injunctive relief, Plaintiff seeks an order prohibiting

28   Defendants from housing Plaintiff in Short Term Restricted Housing ("STRH"). (ECF No. 9, 33.)

Plaintiff contends that if he "is placed in STRH he is likely to commit suicide or serious self harm and staff's unresponsiveness to this risk is documented. Also, his psychological reaction will probably cause a physical confrontation with staff leading to someone getting hurt and Plaintiff being seriously disciplined and potentially criminally charged." (*Id.*) Plaintiff admits that he is currently house in Long Term Restricted Housing ("LTRH"), and that "[t]he only adjustment defendants would have to make is ensuring plaintiff isn't housed in STRH when he is temporarily transferred to CSP-Sacramento for court." (ECF No. 9 at 8-9.)

During the scheduling conference, held on January 22, 2020, and in his reply brief, Plaintiff admitted that the temporary transfer to CSP-Sacramento for court has already occurred, and that Plaintiff is now back at CSP-Corcoran and is being housed in the LTRH. Thus, Plaintiff is no longer subject to the risk of harm upon which his motion for temporary injunctive relief is based, rendering his motion for temporary injunctive relief moot.[1]

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for temporary injunctive relief (ECF No. 25) be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **twenty-one (21) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

\\\

---

[1] Although Plaintiff raised additional arguments in his reply brief and during the scheduling conference, including arguments regarding the IEX program and that he did not want to be taken out of LTRH, the Court declines to address those arguments. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F.Supp.2d 1078, 1089 (E.D.Cal.2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.").

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 3, 2020**                    /s/ *Erica P. Grosjean*
                                                              UNITED STATES MAGISTRATE JUDGE