UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. KYLE, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-00462-DAD-EPG (PC)<br><br>ORDER ADOIPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. Nos. 9, 22, 38) |

Plaintiff Devonte B. Harris is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action proceeds on plaintiff's claim for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo; and claim for retaliation in violation of the First Amendment against defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo. (Doc. No. 31 at 2.)

On May 16, 2019, plaintiff filed a document titled "Memorandum of Points and Authorities in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction." (Doc. No. 9.) Plaintiff did not, however, file an accompanying motion requesting the court to order preliminary injunctive relief. On September 20, 2019, plaintiff filed a

1

1  "Request for Ruling on Temporary Restraining Order."  (Doc. No. 22.)  Based on this request,
2  the assigned magistrate judge construed plaintiff's memorandum of points and authorities (Doc.
3  No. 9) combined with plaintiff's request for a ruling on a temporary restraining order (Doc. No.
4  22) as a motion for preliminary injunctive relief.  (Doc. 38 at 1.)  On September 24, 2019, the
5  court directed defendants to file a response to plaintiff's motion.  (Doc. No. 24.)  Defendants
6  filed their opposition to plaintiff's motion on October 14, 2019 (Doc. No. 27), and plaintiff filed
7  his reply in support of his motion on October 28, 2019 (Doc. No. 33).  On January 22, 2020, the
8  assigned magistrate judge held a scheduling conference and heard argument on the pending
9  motion for preliminary injunctive relief.  (Doc. Nos. 36; 38 at 2.)

On February 4, 2020, the assigned magistrate judge issued finding and recommendations recommending that plaintiff's motion be denied as moot.  (Doc. No. 38.)  The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service.  (*Id*. at 2.)  On February 28, 2020, plaintiff filed timely objections to the pending findings and recommendations.  (Doc. No. 40.)

In his motion, plaintiff states that he is currently housed in long-term restricted housing ("LTRH") and seeks injunctive relief prohibiting his transfer to short-term restricted housing ("STRH").  Plaintiff claims that he will suffer irreparable harm if he is placed in STRH because such placement will cause him to become suicidal, attempt to commit suicide and/or engage in serious self-harm or harm to others.  (Doc. No. 9 at 7–8.)  Plaintiff seeks an order directing defendants to maintain him in LTRH and asserts that the only adjustment defendants "would have to make is ensuring plaintiff isn't housed in STRH when he is temporarily transferred to CSP-Sacramento for Court."  (*Id.* at 9.)  As noted in the pending findings and recommendations, plaintiff admitted that the temporary transfer to CSP-Sacramento for court has already occurred, and that he is now back in the LTRH at CSP-Corcoran.  (Doc. No. 38 at 2.)  Thus, the magistrate judge found that plaintiff is no longer subject to the risk of being transferred to STRH when temporarily transferred for his court appearance, rendering that portion of his motion for preliminary injunctive relief moot.  (*Id*.)

In his objections to the pending findings and recommendations, plaintiff contends that the magistrate judge misconstrued his motion as seeking an injunction only to prevent defendants from placing him in STRH while he was temporarily transferred to CSP-Sacramento for his court appearance. (Doc. No. 40 at 2.) Plaintiff asserts that he sought "a preliminary injunction to ensure staff do not house him in STRH or release him to general population." (*Id*. at 5.) First, to the extent plaintiff seeks an ongoing order regarding potential transfer to STRH, plaintiff has not demonstrated that there is an imminent risk that he will be subjected to such a transfer. Second, although plaintiff seeks an order prohibiting his transfer from LTRH into the general population (Doc. No. 22 at 2), he has admitted that he is currently incarcerated in LTRH at CSP-Corcoran and that he has a determinate segregation term until May 27, 2037. (Doc. Nos. 9 at 8; 38 at 2.) Except for the brief period during which plaintiff was transferred to CSP-Sacramento for purposes of making a court appearance, it appears that plaintiff has been housed in LTRH since he filed this action a year ago. Plaintiff contends that the Institutional Classification Committee ("ICC") has transferred him to the general population previously (without specifying when or how often), and that he "[was] due to be reviewed for release to general population [in] early July 2019 and there is reason to believe ICC have changed their position." (Doc. No. 9 at 14–15.) However, there is no indication that plaintiff has in fact been scheduled for release into the general population or that ICC has suspended or modified plaintiff's determinate segregation term. Plaintiff has thus failed to demonstrate that there is an imminent risk of his release into the general population.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

/////

/////

/////

/////

3

Accordingly:

1. The findings and recommendations issued on February 4, 2020 (Doc. No. 38) are adopted in full; and
2. Plaintiff's motion for a preliminary injunction (Doc. Nos. 9, 22) is denied.

IT IS SO ORDERED.

Dated: **April 7, 2020**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE