1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS, | Case No. 1:19-cv-00462-DAD-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED |
| v. | |
| K. KYLE, *et al.*, | (ECF NO. 49) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff, Devonte B. Harris, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for leave to file an amended complaint adding claims for excessive force claim against three new defendants and a deliberate indifference to risk of suicide claim against a fourth new defendant. (ECF No. 49.)

Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

However, leave to amend need not be granted where the amendment: (1) prejudices the

opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Prejudice to the defendant is the most important factor, but amendment may be denied upon a sufficiently strong showing of the other factors. *See Eminence Capital*, 316 F.3d at 1052; *Keniston*, 717 F.2d at 1300. The burden of showing prejudice rests on the party opposing amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Here, Plaintiff contends that the event underlying his proposed amendment "is already described in my complaint as part of the factual nucleus of my other claims." (ECF No. 49 at 2.) Plaintiff admits that his original complaint "did not reflect the specificity necessary to state an independent claim. I flesh out these facts in my first amended complaint." (*Id.*) Plaintiff goes on to explain:

> I am well within my statute of limitations for filing my excessive force claim and I concluded this is best course of action to preserve right to sue. As opposed to filing a separate complaint with parallel facts. . . . Trying these claims together would further achievement of justice . . . . A trial has not been set in this matter and discovery is already being prolonged due to covid-19; therefore no party will be prejudiced by amendment.

(ECF No. 49 at 2-3.)

Defendants oppose the requested amendment, arguing (1) Plaintiff previously agreed to proceed only against the current defendants and on the current claims and has failed to provide any explanation for his delay in adding new claims against new defendants; and (2) bringing additional claims against additional defendants will result in prejudice to the current defendants by causing additional and unnecessary delays in the progress of the case.[1] (ECF No. 51 at 4-5)

Plaintiff initially filed this action on April 9, 2019. (ECF No. 1.) On May 28, 2019, the Court entered a screening order. (ECF No. 10.) In that order, the Court found that Plaintiff

---

[1] Defendants also contend that the proposed amendment would violate the Federal Rules of Civil Procedure regarding joinder and that allowing amendment to add the claim against Torres would be futile because the proposed claim is not cognizable under § 1983. (ECF No. 51 at 5.) The Court does not reach these additional contentions.

stated a cognizable claim for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Gamez, and Castillo; and a claim for retaliation in violation of the  First Amendment against Defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo; but did not state any other cognizable claims. (*Id.*) The Court gave Plaintiff the opportunity to either (1) file an amended complaint; (2) notify the court that he did not want to file an amended complaint and was instead willing to proceed only on the Eighth Amendment deliberate indifference to serious risk of harm claim against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo; and the First Amendment retaliation claim against Defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo; or (3) notify the court that he wished to stand on his original complaint. (*Id.*)

On June 19, 2020, Plaintiff filed a notice in which he notified the Court that he was willing to proceed only on the claims the Court had found cognizable in the screening order – the Eighth Amendment deliberate indifference to serious risk of harm claim against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo; and the First Amendment retaliation claim against Defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo. (ECF No. 14.) In reliance on that notice, on July 3, 2019, the Court ordered that the complaint be served on the relevant defendants (ECF No. 15); and on July 11, 2019, the Court entered findings and recommendations recommending that all claims be dismissed except for Plaintiff's claims against Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo for deliberate indifference to serious risk of harm in violation of the Eighth Amendment; and against Defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo for retaliation in violation of the First Amendment. (ECF No. 17.) Plaintiff did not file any objections to the findings and recommendations, and the findings and recommendations were adopted by the district judge on October 21, 2019. (ECF No. 31.)

Thus, Plaintiff was provided with an opportunity to amend his complaint more than a year ago, and instead chose to proceed without amendment. Plaintiff provides no explanation for his failure to amend his complaint when given the opportunity to do so, nor does he provide

3

an explanation for his more than one year delay in seeking to amend. The Court finds these circumstances alone to be sufficient to deny Plaintiff's motion to amend. *See Swanson v. U.S. Forest Svs.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming denial of leave to amend where movant "previously had an opportunity to timely amend its complaint and it failed to do so"); *see also Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend.").

Moreover, the Court finds that allowing amendment would result in additional, unnecessary, and undue delay in this proceeding. Discovery has been ongoing since January 2020, and under the original schedule, fact discovery already would have closed and the dispositive deadline would have passed. (*See* ECF No. 37.) That original schedule has been modified multiple times due to the COVID-19 pandemic, resulting in what has already been a delay in this proceeding. Allowing Plaintiff to amend the complaint would result in significantly more delay. If Plaintiff is allowed to amend, the Court would first need to screen the new claims against new the new defendants. Assuming that the new claims are cognizable under § 1983, the Court would then need to facilitate service of process on the new defendants. Once served, the new defendants would need to file their responsive pleadings and conduct discovery. This additional, unnecessary, and undue delay would result in significant prejudice to the current defendants. *See Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr.*, 490 F.3d 718, 724 (9th Cir. 2007) ("Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").

Based on the foregoing, IT IS RECOMMENDED that the Plaintiff's motion to amend (ECF No. 49) be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 29, 2020**                     /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE