1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEVONTE B. HARRIS,                        No.  1:19-cv-00462-DAD-EPG (PC)

12                    Plaintiff,

13        v.                                     ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS AND DENYING
14    K KYLE, et al.,                            PLAINTIFF'S MOTION FOR LEAVE TO
                                                 AMEND
15                    Defendants.
                                                 (Doc. No. 59)
16

17

18          Plaintiff Devonte B. Harris is a state prisoner proceeding *pro se* and *in forma pauperis* in

19    this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

20    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          On September 29, 2020, the assigned magistrate judge issued findings and

22    recommendations, recommending that plaintiff's motion for leave to file an amended complaint

23    be denied.  (Doc. No. 59.)  Those findings and recommendations were served on plaintiff and

24    contained notice that any objections thereto were to be filed within thirty (30) days from the date

25    of service.  (*Id*.)  On October 29, 2020, plaintiff filed objections to the pending findings and

26    recommendations.  (Doc. No. 64.)

27          In his objections, plaintiff argues the following:  the court should have set a deadline for

28    him to amend in the initial case scheduling order; there would not be undue delay resulting from

                                              1

the filing of an amended complaint because the scheduling order has already been modified multiple times due to the COVID-19 pandemic; the Ninth Circuit has held that delay alone is insufficient to support the denial of leave to amend; and defendants will not suffer any prejudice from the filing of plaintiff's amended complaint.  (Doc. No. 64.)  The court finds that the findings and recommendations sufficiently address these objections.  As explained in the pending findings and recommendations (Doc. No. 59 at 3), the initial screening order issued in this case provided plaintiff the opportunity to file an amended complaint or to proceed only upon the claims found to be cognizable in the screening order.  (Doc. No. 10.)  Plaintiff chose the latter course (Doc. No. 14) and also failed to object to the recommendation, which was adopted, that his remaining claims be dismissed.  (Doc. No. 31.)  The now pending findings and recommendations concluded that allowing plaintiff to amend his complaint at this time would result in additional, unnecessary, and undue delay in this proceeding.  (*Id*. at 4.)  Even if delay alone were not enough to justify a denying leave to amend, the findings and recommendations clearly state that in this case "undue delay would result in significant prejudice to the current defendants."  (*Id*.)  This well founded conclusion belies plaintiff's objection that defendants will not suffer prejudice were he to be granted leave to amend at this stage of the proceedings.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Accordingly,

1.  The findings and recommendations issued on September 29, 2020 (Doc. No. 59) are adopted in full;

2.  Plaintiff's motion for leave to file an amended complaint (Doc. No. 49) is denied; and

/////
/////
/////
/////

3.   This matter is referred back to the magistrate judge for proceedings consistent with
this order.

IT IS SO ORDERED.

Dated:   **December 2, 2020**

_____
UNITED STATES DISTRICT JUDGE