UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. KYLE, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00462-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPLY AND MOTION TO MODIFY SCHEDULING ORDER<br><br><br>(ECF No. 74) |

　　　　Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. Before the Court is Plaintiff's motion dated January 7, 2021, and filed on January 12, 2021, requesting an extension of time to file a reply in support of Plaintiff's motion for preliminary injunction and seeking to modify the Scheduling Order in this case to extend the deadlines for non-expert discovery, motions to compel, and dispositive motions. (ECF No. 74.)

　　　　This is Plaintiff's second request to extend the time to file a reply in support of his motion for preliminary injunction and to continue the deadline to file a motion to compel. (*See* ECF Nos. 71, 72.) On January 4, 2021, the Court entered an order extending Plaintiff's reply deadline to January 7, 2021, and continuing the motion to compel deadline to January 8, 2021, because Plaintiff tested positive for COVID-19 on November 26, 2020 and was unable to access the law library or obtain copies. (ECF No. 73.)

1

In his current motion, Plaintiff again notes that he tested positive for COVID-19 on November 26, 2020 and was unable to access the law library or obtain copies. (ECF No. 74.) Plaintiff further explains that, upon release from isolation, he was tasked with responding to a voluminous summary judgment motion in another case. (*Id.*) Plaintiff also intends to depose Defendants Kyle, Overly, Grossman, and nonparty witness Laura Edmonds in addition to propounding other discovery. (*Id.*) However, Plaintiff states that the prison litigation coordinator at his institution has been unresponsive to his requests to arrange these depositions and Plaintiff is still in the process of facilitating payment. (*Id.*) Plaintiff accordingly requests a fourteen (14) day extension of time from January 7, 2021, to January 21, 2021 to file a reply in support of his motion for preliminary injunction.[1] (*Id.*) Plaintiff also requests that the Scheduling Order be modified to extend the deadline to file a motion to compel from January 8, 2021, to January 22, 2021, the non-expert discovery deadline from February 7, 2021, to March 25, 2021, and the dispositive motion deadline from March 10, 2021, to May 9, 2021. (*Id.*)

The Court finds good cause to grant Plaintiff's motion.[2] However, in light of the modifications to the Scheduling Order, and to accommodate the Court's calendar and the availability of judges to decide this case, the Court will also continue the Telephonic Trial Confirmation Hearing and trial dates.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Extension of Time to File Reply and Motion to Modify Scheduling Order (ECF No. 74) is GRANTED;

///

---

[1] The motion requests an extension of time to file a reply in support of Plaintiff's motion for summary judgment. (*See* ECF No. 74 at 3.) However, there is no motion for summary judgment pending in this case and it appears Plaintiff intended to refer to his pending motion for preliminary injunction.

[2] The Court is not ruling at this time whether Plaintiff may take the depositions he seeks. The Court notes that Plaintiff is responsible for payment of the court reporter. Additionally, the deposition must be conducted in a safe and secure manner consistent with the institution's security requirements. The Court notes that there are additional limitations due to the COVID-19 pandemic at this time. The Court also does not know if Defendants will be taking Plaintiff's deposition, and whether the process they use, such as remote depositions, can also be used on the same day to facilitate brief depositions by the Plaintiff. If Plaintiff has the funds and ability to pay for a court reporter, Plaintiff should contact defense counsel to see if they can or cannot accommodate such a deposition. If the parties and institution cannot resolve the issue, Plaintiff should file a motion to compel the depositions explaining whether he has funds to pay the court reporter, the institution's response to his requests, and Defendants' response to his request. The Court may require input from Plaintiff's institution before ruling on such a motion.

2. The deadline for Plaintiff to file a reply in support of his motion for preliminary injunction is extended to January 22, 2021;

3. The Scheduling Order (ECF No. 37), as previously modified (ECF Nos. 43, 48, 73), is further modified as follows:

    a. The motion to compel deadline, currently set for January 8, 2021, is extended to January 22, 2021;

    b. The non-expert discovery deadline, currently set for February 7, 2021, is extended to March 25, 2021;

    c. The dispositive motion deadline, currently set for March 10, 2021, is continued to May 9, 2021;

    d. The Telephonic Trial Confirmation Hearing, currently set for July 12, 2021, is continued to **March 7, 2022, at 1:30 PM** in Courtroom 5 (DAD);

    e. The jury trial, currently set for September 14, 2021, is continued to **May 10, 2022 at 8:30 AM** in Courtroom 5 (DAD); and

4. All other terms and conditions of the Scheduling Order (ECF No. 37) remain in full force and effect. No further modifications of the Scheduling Order will be granted absent good cause.

IT IS SO ORDERED.

Dated: **January 14, 2021**        /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

3