UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>K. KYLE, *et al*.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00462-DAD-EPG (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 60) |

　　　　Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendant K. Kyle's ("Defendant Kyle") motion for protective order.

**I.      BACKGROUND**

　　　　This action arises out of Plaintiff's claims for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo, and for retaliation in violation of the First Amendment against Defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo. (ECF Nos. 1, 10, 15, 17, 31.)  Plaintiff alleges, in relevant part, that he reported having suicidal thoughts while housed in the Short Term Restricted Housing unit ("STRH") at California State Prison—Corcoran ("CSP—Corcoran") because the windowless cells in STRH lack natural

1

light, but Defendant Kyle nonetheless issued a chrono in September of 2016 indicating that he could be placed in STRH. (ECF No. 1 at 11.)

On January 29, 2020, the Court entered a Scheduling Order in this case. (ECF No. 37.) Among other things, the Scheduling Order directed the parties to file a privilege log with the Court if a party sought to withhold a document on the basis of privilege. (*Id*.) On August 17, 2020, Defendants Kyle and Overly filed a privilege log in support of their responses to Plaintiff's first set of requests for production of documents. (ECF No. 52.) On September 3, 2020, Defendants Kyle and Overly filed an amended privilege log. (ECF No. 57.) The amended privilege log listed documents requested by Plaintiff that Defendants Kyle and Overly had not produced on various grounds, including third-party or non-party privacy rights, the official information privilege, and HIPPA. (*Id.*) The amended privilege log also cited to declarations of T. Williams and J. Sherman, but no declarations were attached or filed concurrently therewith. (*Id.*) Because the Court was not able to determine whether the grounds asserted by Defendants Kyle and Overly support withholding of the identified documents from Plaintiff, the Court directed Defendants Kyle and Overly to file a motion for protective order addressing the privacy issues and any support for the official information privilege or other qualified privilege. (ECF No. 58.) Defendants Kyle and Overly were further directed to mail the documents at issue to the Court for *in camera* review. (*Id.*)

Defendant Kyle filed a motion for protective order on October 9, 2020. (ECF No. 60.) According to the motion, the parties met and conferred in an attempt to resolve their disagreement regarding the withheld documents and narrowed their dispute to Plaintiff's request for certain emails between Defendant Kyle and another mental health clinician, L. Edmonds. (ECF No. 60 at 3.) Defendant Kyle produced the responsive emails but redacted them to exclude information related to another patient. (*Id.*) The motion represents that Plaintiff does not object to the redaction of the third-party patient's name but contends that the remaining information about the patient should not have been redacted. (*Id.*) Defendant Kyle argues that the redacted portions contain information related to the third-party patient's mental health, does not relate to Plaintiff, and is protected by the third-party patient's privacy rights,

HIPPA, and the official information privilege. (*Id.* at 3, 5-9.) Redacted copies of the email communications in dispute were attached as Exhibit B to the Declaration of Byron M. Miller submitted in support of the motion and are identified as Bates numbers AG000892—AG000909. (ECF No. 60-1 at 24-41.) Defendant also mailed the unredacted documents at issue to the Court for *in camera* review.

Plaintiff did not file an opposition or otherwise respond to the motion.

**II.     DISCUSSION**

Issuance of a protective order is governed by Federal Rule of Civil Procedure 26(c), which provides, in relevant part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c)(1). District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002).

The Ninth Circuit has recognized a constitutionally protected privacy interest in avoiding disclosure of personal matters, including medical records. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998). The right of privacy is not an absolute bar to discovery and courts must balance the need for the information against the claimed privacy right. *Allen v. Woodford*, 2007 WL 309485, at *6 (E.D. Cal. Jan. 30, 2007) ("Unlike a privilege, the right of privacy is not an absolute bar to discovery."); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted.").

The Court has conducted an *in camera* review of the emails at issue, including the disputed redactions. The redactions consist of communications between Defendant Kyle and L. Edmonds regarding the mental health status and treatment of another patient. This third-party

1  patient has a privacy interest in his confidential medical and mental health information set forth
2  in those communications. Furthermore, it appears that the information Plaintiff seeks relating to
3  the third-party patient is not relevant to this case. Plaintiff has not explained why he seeks this
4  information or what bearing it may have on his claims against Defendant Kyle or any of the
5  remaining defendants. Thus, on balance, the Court finds that the third-party patient's privacy
6  interests outweigh Plaintiff's need for the information and Defendant Kyle is not required to
7  produce the requested emails in unredacted form.

### III. CONCLUSION AND ORDER

In light of the foregoing, IT IS HEREBY ORDERED that Defendant Kyle's Motion for Protective Order (ECF No. 60) is GRANTED. Defendant Kyle may redact information pertaining to the third-party patient as set forth in the email communications between Defendant Kyle and L. Edmonds requested by Plaintiff's first set of requests for production of documents, Bates Nos. AG000892—AG000909, and is not required to produce the emails in unredacted form.

IT IS SO ORDERED.

Dated: **January 20, 2021**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE