1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEVONTE B. HARRIS,                          Case No.  1:19-cv-00462-DAD-EPG (PC)

12                    Plaintiff,                 ORDER GRANTING IN PART AND
                                                 DENYING IN PART PLAINTIFF'S
13          v.                                   REQUEST FOR AN ORDER REQUIRING
                                                 CSP—CORCORAN TO FACILITATE
14   K. KYLE, et al.,                            DEPOSITION OF DEFENDANT KYLE

15                    Defendants.

16                                               (ECF No. 81)

17

18          Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

19   *pauperis* in this action.

20          On February 16, 2021, Plaintiff filed a request for the Court to order California State

21   Prison, Corcoran ("CSP—Corcoran") to facilitate a deposition of Defendant K. Kyle by

22   videoconference. (ECF No. 81.) According to Plaintiff, he has contacted Atkinson-Baker

23   Nationwide Court Reporters and arranged for payment to conduct a deposition of Defendant Kyle

24   by Zoom on March 18, 2021, at 9:00 a.m. (*Id.*) Plaintiff requests that the Court order CSP—

25   Corcoran to facilitate the deposition by Zoom through the institution's videoconference

26   equipment. (*Id.*)

27          On February 19, 2021, the Court entered an order directing Defendants to respond and

28   also requesting that the Litigation Coordinator for CSP—Corcoran respond to Plaintiff's request.

                                                 1

(ECF No. 83.) On February 26, 2021, Defendants and J. Perez, Litigation Coordinator for CSP—Corcoran, filed their responses to Plaintiff's request. (ECF Nos. 85, 86.)

Defendants' response states that Defendant Kyle does not oppose Plaintiff deposing her for up to two hours at his own expense, as long as Plaintiff properly notices the deposition at a date and time that she and prison officials can accommodate. (ECF No. 85.) Defendant Kyle notes that she has not yet received a deposition notice from Plaintiff, but she is currently available for a two-hour remote deposition on March 22, 2021, at 9:00 a.m. (*Id.*)

J. Perez, Litigation Coordinator for CSP—Corcoran, also filed a response indicating that the institution can accommodate a two-hour remote deposition on March 22, 2021, at 9:00 a.m. (ECF No. 86.) To keep this date reserved, Plaintiff must confirm with the Litigation Coordinator by March 12, 2021, that he has made arrangements with the court reporter to schedule and pay for all deposition-related costs on this day. (*Id.*)

In light of the responses filed by Defendants and J. Perez, it appears CSP—Corcoran is willing to facilitate a remote deposition of Defendant Kyle on March 22, 2021, at 9:00 a.m. Therefore, the Court will not issue an order compelling CSP—Corcoran to facilitate the deposition. The Court will issue an order allowing the deposition to go forward by remote means on March 22, 2021, at 9:00 a.m. for a maximum of two hours of questioning. *See* Fed. R. Civ. P. 30(b)(4) (permitting a deposition to be taken by remote means by stipulation or court order).

As explained in J. Perez's response, the deposition will go forward if Plaintiff confirms with the Litigation Coordinator by March 12, 2021, that he has made arrangements with the court reporter to schedule and pay for all deposition-related costs for a two-hour remote deposition on March 22, 2021, at 9:00 a.m. Additionally, Plaintiff must properly notice the deposition. Federal Rule of Civil Procedure 30 describes the requirements for a notice of deposition:

(b) NOTICE OF THE DEPOSITION; OTHER FORMAL REQUIREMENTS.

(1) *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

(2) *Producing Documents.* If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be

1  accompanied by a request under Rule 34 to produce documents and tangible things
2  at the deposition.

   (3) *Method of Recording.*

3
4      (A) *Method Stated in the Notice.* The party who notices the deposition must
state in the notice the method for recording the testimony. Unless the court orders
otherwise, testimony may be recorded by audio, audiovisual, or stenographic
5  means. The noticing party bears the recording costs. Any party may arrange to
transcribe a deposition.

6
7      (B) *Additional Method.* With prior notice to the deponent and other parties,
any party may designate another method for recording the testimony in addition to
that specified in the original notice. That party bears the expense of the additional
8  record or transcript unless the court orders otherwise.

9     (4) *By Remote Means.* The parties may stipulate—or the court may on motion
order—that a deposition be taken by telephone or other remote means. For the
10  purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes
place where the deponent answers the questions.

11

12  Fed. R. Civ. P. 30(b)(1)-(4). Plaintiff should serve the written notice of deposition on Defendants'

13  counsel by mail as soon as possible. Plaintiff may use Defendant's notice of his deposition as an

14  example.[1]

15      Accordingly, IT IS ORDERED that:

16    1.  Plaintiff's request to facilitate the deposition of Defendant Kyle (ECF No. 81) is

17        GRANTED IN PART and DENIED IN PART;

18    2.  Plaintiff's request for an order requiring CSP—Corcoran to facilitate a Zoom

19        deposition of Defendant Kyle at 9:00 a.m. on March 18, 2021 is DENIED; and

///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28  [1] In his request, Plaintiff states that Defendants conducted his deposition by Zoom on November 24, 2020. (*See* ECF No. 81.)

3.  If Plaintiff arranges for a court reporter and pays for all deposition-related costs, serves Defendant Kyle with a notice of deposition under Federal Rule of Civil Procedure 30, and confirms with the Litigation Coordinator with CSP—Corcoran that he has made arrangements with the court reporter to schedule and pay for all deposition-related costs, Plaintiff may depose Defendant Kyle on March 22, 2021, at 9:00 a.m. by videoconference for a maximum of two hours on the record.

IT IS SO ORDERED.

Dated:   **March 1, 2021**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE