UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. KYLE, et al.,<br><br>　　　　Defendants. | Case No.  1:19-cv-00462-DAD-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 87) |

　　　　Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. Currently before the Court is Defendants C. Castillo, J. Depovic, J. Gamez, B. Grossman, K. Kyle, D. Overly, K. Thompson, M. Moreno, and M. Wright's ("Defendants") motion to modify the scheduling order to extend the expert discovery deadlines. (ECF No. 87.)

　　　　This is Defendants' third request to modify the Scheduling Order in this case. In the motion, Defendants explain that Plaintiff and Defendants have sought and received extensions of the non-expert discovery and dispositive motion deadlines in light of the challenges posed by the COVID-19 pandemic. (ECF No. 87 at 3.) Due to these extensions, the expert disclosure deadlines are now before the dispositive motion deadline. (*Id.*) Defendants request that the Court vacate the expert discovery deadlines in this case and order that expert discovery proceed under the timelines established in Federal Rule of Civil Procedure 26(a)(2)(D). (*Id.* at 4.)

1

The Court finds good cause to grant Defendants' motion in part and deny it in part. The Court will vacate the expert discovery deadlines in this case. However, instead of ordering that expert discovery proceed under the timelines established in Federal Rule of Civil Procedure 26(a)(2)(D), the Court will reset the expert discovery deadlines, if necessary, after the ruling on any dispositive motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Modify Scheduling Order (ECF No. 87) is GRANTED IN PART and DENIED IN PART;
2. The Scheduling Order (ECF No. 37), as previously modified (ECF Nos. 43, 48, 73, 75) is further modified and the deadlines for expert disclosure and rebuttal expert disclosure are VACATED to be reset, if necessary, after the Court rules on any dispositive motions;
3. The non-expert discovery deadline remains set for March 25, 2021, the dispositive motion deadline remains set for May 9, 2021, a Telephonic Trial Confirmation Hearing remains set for March 7, 2022, at 1:30 PM in Courtroom 5 (DAD) and trial remains set for May 10, 2022 at 8:30 AM; and
4. All other terms and conditions of the Scheduling Order (ECF No. 37) remain in full force and effect. No further modifications of the Scheduling Order will be granted absent good cause.

IT IS SO ORDERED.

Dated:     **March 1, 2021**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

2