UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B HARRIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>K KYLE, et al.,<br><br>　　　　　　Defendants. | 1:19-cv-00462-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED**<br><br>(ECF No. 62)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for preliminary injunction. (ECF No. 62.) For the reasons discussed below, the Court recommends that Plaintiff's motion be denied.

**I.　　BACKGROUND**

Plaintiff filed the complaint commencing this action on April 9, 2019. (ECF No. 1.) The complaint alleged, in relevant part, that Plaintiff reported having suicidal thoughts while housed in the Short Term Restricted Housing unit ("STRH") at California State Prison—Corcoran ("CSP—Corcoran") because the windowless cells in STRH lack natural light, but Defendant Kyle nonetheless issued a chrono in September of 2016 indicating that he could be placed in STRH. (*Id.* at 11.) Plaintiff also alleges that Defendants were involved in a decision to place him in the Indecent Exposure Pilot Program ("IEX Program"), which mixed protective and non-protective

custody inmates, despite knowing that if Plaintiff "programmed peacefully with the protective custody inmates in IEX that he would be subject to attack by other non-protective custody inmates when released back to general population." (*Id.* at 19.) Plaintiff alleges that he had physical altercations with protective custody inmates while in the IEX Program. (*Id.* at 19-20.)

On May 28, 2019, the Court entered an order screening Plaintiff's complaint. (ECF No. 10.) The Court found that Plaintiff's complaint "states cognizable claims for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo; and a cognizable claim for retaliation in violation of the First Amendment against Defendants Kyle, Moreno, Wright, Overly Gamez, and Castillo." (*Id.* at 15.) The Court entered findings and recommendations consistent with the screening order and the findings and recommendations were adopted in full. (ECF Nos. 17, 31.)

### A.  Plaintiff's Motion

On October 13, 2020, Plaintiff filed a motion for preliminary injunction. (ECF No. 62.) In his motion, Plaintiff requests that the Court issue an order requiring CSP—Corcoran to keep him in the Long Term Restricted Housing unit ("LTRH") until a trial on the merits. (*Id.*) Plaintiff argues that the injunction is narrowly drawn and extends no further than is necessary to correct harm. (*Id.*) Plaintiff is at risk of killing himself, seriously injuring himself, or injuring others to protect himself. (*Id.*) Additionally, this is an immediate threat because "staff are placing Plaintiff at these risk tomorrow[.]" (*Id.*) Finally, Plaintiff was in LTRH before the incidents at issue in this case, is in LTRH now, and seeks to maintain this status quo until a trial on the merits. (*Id.*)

### B.  Defendant's Opposition

Defendants filed an opposition on November 10, 2020. (ECF No. 67.) Defendants explained that Plaintiff's counselor told him that he could be placed in STRH pending a transfer to general population, and that prompted Plaintiff to file the motion. (*Id.* at 1.) Defendants argue that the motion should be denied because Defendants do not have authority over Plaintiff's housing placement, that determination is made by the Institutional Classification Committee ("ICC"), and the Court lacks jurisdiction over those non-defendant ICC officials. (*Id.* at 1, 7-9.) In support of the opposition, Defendants submitted a declaration from J. Sherman, Litigation

Coordinator at CSP—Corcoran, explaining that Defendants Grossman, Depovic, and Castillo are no longer employed at CSP—Corcoran and Defendant Overly has retired from state service. (ECF No. 67-4 at 2.) Additionally, Defendants Kyle, Thompson, Wright, Gamez, and Moreno are not assigned to LTRH where Plaintiff is housed and, unless their job assignments change, will not be present at Plaintiff's next ICC hearing and do not have authority to retain Plaintiff in LTRH. (*Id.*)

Defendants also argue that Plaintiff has not established any of the elements necessary to obtain a preliminary injunction. (ECF No. 67 at 2, 9-14.) First, Plaintiff has not made a clear showing of immediate and irreparable harm because it is speculative whether he will be released from LTRH and Plaintiff has not identified a specific threat from any particular inmate. (*Id.* at 10-11.) Second, Plaintiff has not established a likelihood of success on the merits. (*Id.* at 12-13.) Finally, the balance of equities do not favor granting the preliminary injunction because it would require non-party officials to make housing decisions that may not be consistent with Plaintiff's mental-health needs and classification factors, and would be inconsistent with the goal of reducing the length of mentally ill inmates' stays in LTRH and expeditiously returning them to less restrictive housing when they no longer pose a threat to safety and security. (*Id.* at 13-14.)

### C.     **Plaintiff's Reply**

On January 25, 2021, Plaintiff filed his reply in support of his motion.[1] (ECF No. 77.) In his reply, Plaintiff argues that the California Department of Corrections and Rehabilitation ("CDCR") is funding Defendants' defense, CDCR will pay any damages, and Defendants have made every argument that CDCR itself would make, and "[t]his constitutes virtual representation in spite of relevant CDCR employees not being official part[ies]." (*Id.* at 1-3.) Additionally, a preliminary injunction may bind successors-in-interest to named parties. (*Id.* at 3.)

Plaintiff also argues that there is a reasonable likelihood of Plaintiff being released to STRH and general population in March 2021, and every six months thereafter. (ECF No. 77 at 3.) Defendants submitted a declaration from Plaintiff's counselor, J. Perez, that he no longer intended to recommended Plaintiff's release in to general population in March 2021, but this is only a recommendation and the ICC can override him. (*Id.* at 4.) For example, Plaintiff's counselor

---

[1] Plaintiff requested two extensions of time to file his reply because he was unable to access the law library or obtain copies due to COVID-19 restrictions. (ECF Nos. 72, 74.) The Court granted both requests. (ECF Nos. 73, 75.)

states that the reason he no longer intends to recommend release in March 2021 is because Plaintiff received two Rules Violation Reports ("RVRs") for indecent exposure in November 2020, but Plaintiff received RVRs for indecent exposure, battery on a prisoner, and assault on a peace officer on eight other occasions and ICC still transferred Plaintiff to general population. (*Id.* at 4-5.) Furthermore, J. Perez is no longer Plaintiff's counselor. (*Id.* at 5.)

Plaintiff also argues in his reply that CDCR does not have "rigorous classification procedures" and has flouted its suicide-prevention measures as shown by the facts of this case. (ECF No. 77) Plaintiff also states that, "if the Court doesn't take action, he will commit violence against other inmates in order to protect himself." (*Id.* at 5-9.) Additionally, there is "damning" evidence against defendants and, even if he is not likely to prevail on the merits, the costs of not granting the injunction outweigh the benefits. (*Id.* at 9-10.) Finally, Defendants will not be harmed by an injunction since they claim that CDCR no longer intends to recommend Plaintiff's release in to general population. (*Id.* at 10.)

## II.   LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.     ANALYSIS**

The Court will recommend that the motion be denied.

Plaintiff is currently housed in LTRH and it is not clear whether the ICC will change his placement. Therefore, Plaintiff's allegation that he faces irreparable harm is speculative. Plaintiff must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Caribbean Marine Srvs. Co. v. Baldridge,* 844 F.2d 668, 675 (9th Cir. 1988) (where "multiple contingencies" must occur before the alleged injury occurred, the threat was too speculative to constitute "an irreparable harm justifying injunctive relief.").

Plaintiff also has not identified any immediate threat to his safety and has not submitted evidence suggesting that there are inadequate safeguards in place to protect Plaintiff if he is moved to STRH or general population. *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff . . . faces imminent harm.").

Plaintiff's motion also goes beyond the allegations of the complaint. This case is proceeding on 1) Plaintiff's claims for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno,

Overly, Wright, Gamez, and Castillo; and 2) Plaintiff's claim for retaliation in violation of the First Amendment against Defendants Kyle, Moreno, Wright, Overly Gamez, and Castillo. (*See* ECF Nos. 1, 10, 17, 31.) Plaintiff's deliberate indifference claims relate to his allegations that Defendant Kyle issued a chrono in September of 2016 indicating that he could be placed in STRH even though Plaintiff had reported becoming suicidal when housed in STRH because the cells lack natural light, as well as his allegations that he got in to physical altercations with protective custody inmates while in the IEX Program. (*See* ECF No. 1 at 11, 19-20.)

Here, Plaintiff requests that he not be transferred to STRH or general population and threatens to harm himself or others unless his injunction is granted, but this does not indicate that Defendants, or even anyone at CDCR, are failing to follow protocols regarding suicide prevention or enemy classification. Moreover, Plaintiff's complaint does not allege that he was attacked while in general population, and instead alleges that he got into physical altercations with protective custody inmates in the IEX Program in order to protect himself from potential attack by non-protective custody inmates in general population. Plaintiff also does not allege that general population yards suffer from the same issues regarding lack of adequate windows as STRH. To the contrary, general population yards generally enjoy more access to activities, including outdoor activities. Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Plaintiff also has not established that he is likely to succeed on the merits. Plaintiff concludes that he is likely to succeed on the merits but only points to the allegations of his complaint. Although Plaintiff argues that the evidence against Defendants is "damning," he has not submitted any declarations, witness statements, discovery, or other evidence suggesting Defendants were deliberately indifferent to a serious risk of harm in violation of his Eighth Amendment rights or retaliated against him in violation of his First Amendment rights.

Plaintiff further fails to show the balance of equities supports injunctive relief. "Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions." *Jimenez v. Diaz*,

2019 WL 5541372, at *4 (E.D. Cal. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1911570 (E.D. Cal. Apr. 20, 2020) (citation omitted); *Turner v. Safley*, 482 U.S. 78, 85 (1987) (noting that the government is afforded widest latitude in cases involving the administration of state prisons). Plaintiff has not shown that the equities favor this Court interfering with a prison classification decision.

Finally, Plaintiff is seeking injunctive relief against the CDCR and/or members of the ICC. However, the CDCR and the ICC members are not defendants in this action and Defendants do not appear to have the authority to provide the relief Plaintiff is seeking. An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Accordingly, the Court will recommend that the motion be denied.

## IV.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 4, 2021**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE