UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>K. KYLE, et al.,<br><br>  Defendants. | Case No.  1:19-cv-00462-DAD-EPG (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTION TO 2 HOUR LIMITATION ON DEPOSITION OF DEFENDANT KYLE<br><br>(ECF No. 91) |

Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action.

On February 16, 2021, Plaintiff filed a request for the Court to order California State Prison, Corcoran ("CSP—Corcoran") to facilitate a deposition of Defendant K. Kyle by videoconference. (ECF No. 81.) On March 2, 2021, after Defendants and the Litigation Coordinator at CSP—Corcoran were given an opportunity to respond, the Court entered an order granting Plaintiff's motion in part and denying it in part. (ECF No. 88.) Among other things, the order permitted Plaintiff to depose Defendant Kyle on March 22, 2021, at 9:00 a.m. by videoconference for a maximum of two hours on the record if appropriate arrangements with CSP—Corcoran and a court reporter were made. (*Id.*)

Before the Court is Plaintiff's objection to the two-hour limitation on Defendant Kyle's deposition. (ECF No. 91.) The Court construes Plaintiff's objection, which was filed on March 16,

2021, as a motion for reconsideration. According to Plaintiff, he is entitled to depose Defendant Kyle for one day of seven hours under Federal Rule of Civil Procedure 30(d)(1). (*Id.*) Plaintiff has made arrangements for a court reporter at his own expense and the two-hour limitation was not in the Scheduling Order. (*Id.*) Additionally, this limitation was not imposed on Defendants when they deposed Plaintiff. (*Id.*)

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff has failed to show any of the above reasons for reconsideration apply. The Court has discretion to impose limitations on the length of Defendant Kyle's deposition. Plaintiff relies on Federal Rule of Civil Procedure 30(d)(1) in support of his argument that he should be permitted to depose Defendant Kyle for longer than two hours. This Rule states, "**[u]nless otherwise . . . ordered by the court**, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1) (emphasis added). Federal Rule of Civil Procedure 26 also governs limitations on the "frequency and extent" of discovery and permits the Court to "alter the limits in these rules on . . . the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998) (recognizing that the court may alter limits in discovery rules on its own motion); *UMG Recordings, Inc. v. Doe*, 2008 WL 2949427, at *3 (N.D. Cal. July 30, 2008) ("In fashioning discovery orders under Rule 26(d), the district courts wield broad discretion, as they do when managing any aspect of discovery.") (citations omitted).

The deposition of Defendant Kyle, which Plaintiff requested to conduct by remote means, imposes a burden on CSP—Corcoran and its staff, particularly in light of the ongoing COVID-19

pandemic.  Plaintiff is incarcerated and is subject to restrictions and programming consistent with his incarceration. Additionally, the issues in this case are limited and not complex. Although Plaintiff cites to the fact that Defendants deposed him for longer than two hours, the Court focuses on whether the parties' discovery is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *Gutierrez-Valencia v. Ryan,* 2021 WL 527377, at *3 (D. Ariz. Feb. 12, 2021) (rejecting an incarcerated plaintiff's argument that discovery limits were disproportional because defense counsel deposed plaintiff for seven hours, while plaintiff was unable to depose the defendants). Plaintiff has not explained why he needs longer than two hours to depose Defendant Kyle or how this limitation is inadequate in light of the claims in this case.

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's objection (ECF No. 91), construed as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

Dated:   **March 17, 2021**                               /s/ *Erica P. Grosjean*
                                                          UNITED STATES MAGISTRATE JUDGE