UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>K. KYLE, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-00462-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 79, 84) |

　　　　Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's motion to compel production of documents and motion for reconsideration. (ECF Nos. 79, 84.)

　　**I.　　BACKGROUND**

　　　　This action arises out of Plaintiff's claims for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo, and for retaliation in violation of the First Amendment against Defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo. (ECF Nos. 1, 10, 15, 17, 31.)  Plaintiff alleges, in relevant part, that he reported having suicidal thoughts while housed in the Short Term Restricted Housing unit ("STRH") at California State Prison—Corcoran because the windowless cells in STRH lack natural light, but Defendant

1  Kyle nonetheless issued a chrono in September of 2016 indicating that he could be placed in
2  STRH. (ECF No. 1 at 11.)
3        **A.**      **Defendant's Motion for Protective Order**
4        On January 29, 2020, the Court entered a Scheduling Order in this case. (ECF No. 37.)
5  Among other things, the Scheduling Order directed the parties to file a privilege log with the
6  Court if a party sought to withhold a document on the basis of privilege. (*Id*.) On August 17,
7  2020, Defendants Kyle and Overly filed a privilege log in support of their responses to
8  Plaintiff's first set of requests for production of documents. (ECF No. 52.) On September 3,
9  2020, Defendants Kyle and Overly filed an amended privilege log. (ECF No. 57.) The amended
10 privilege log listed documents requested by Plaintiff that Defendants Kyle and Overly had not
11 produced on various grounds, including third-party or non-party privacy rights, the official
12 information privilege, and HIPPA. (*Id.*) The amended privilege log also cited to declarations of
13 T. Williams and J. Sherman, but no declarations were attached or filed concurrently therewith.
14 (*Id.*)
15       Because the Court was not able to determine whether the grounds asserted by
16 Defendants Kyle and Overly support withholding of the identified documents from Plaintiff,
17 the Court directed Defendants Kyle and Overly to file a motion for protective order addressing
18 the privacy issues and any support for the official information privilege or other qualified
19 privilege. (ECF No. 58.) Defendants Kyle and Overly were further directed to mail the
20 documents at issue to the Court for *in camera* review. (*Id.*) The Court also set a deadline of
21 October 30, 2020, for Plaintiff to file an opposition to the motion for protective order. (*Id.*)
22       Defendant Kyle filed a motion for protective order on October 9, 2020. (ECF No. 60.)
23 According to the motion, the parties met and conferred in an attempt to resolve their
24 disagreement regarding the withheld documents and narrowed their dispute to Plaintiff's
25 request for certain emails between Defendant Kyle and another mental health clinician, L.
26 Edmonds. (ECF No. 60 at 3.) Defendant Kyle produced the responsive emails but redacted
27 them to exclude information related to another patient. (*Id.*) The motion represented that
28 Plaintiff did not object to the redaction of the third-party patient's name but thought the

remaining information about the patient should not have been redacted. (*Id.*) Defendant Kyle argued that the redacted portions contain information related to the third-party patient's mental health, do not relate to Plaintiff, and are protected by the third-party patient's privacy rights, HIPPA, and the official information privilege. (*Id.* at 3, 5-9.) Redacted copies of the email communications in dispute were attached as Exhibit B to the Declaration of Byron M. Miller submitted in support of the motion and were identified as Bates numbers AG000892—AG000909. (ECF No. 60-1 at 24-41.) Defendant also mailed the unredacted documents at issue to the Court for *in camera* review.

Plaintiff did not file an opposition or otherwise respond to the motion for protective order.

On January 20, 2021, the Court entered an order granting Defendant's motion for protective order. (ECF No. 76.) The Court reasoned that the third-party patient had a privacy interest in his confidential medical and mental health information set forth in the emails. (*Id.*) Additionally, the information did not appear to be relevant to this case and Plaintiff did not explain why he wanted this information or what bearing it may have on his claims against Defendant Kyle or any of the remaining defendants. (*Id.*) Therefore, on balance, the third-party patient's privacy interests outweighed Plaintiff's need for the information and Defendant Kyle was not required to produce the requested emails in unredacted form. (*Id.*)

### B. Plaintiff's Motion to Compel and Motion for Reconsideration

On January 29, 2021, Plaintiff filed a motion to compel production of documents. (ECF No. 79.) Plaintiff's motion to compel seeks unredacted copies of the same emails that were the subject of Defendant's motion for protective order. (*Id.*) Plaintiff first argues that the first names of CDCR employees are not confidential and should not have been redacted. (*Id.* at 6.) Additionally, under CDCR policy, employees' e-mails are not private or confidential and if the information contained in an email is confidential or protected by state or federal law, it should be encrypted or password protected. (*Id.* at 6-7.) Here, the emails at issue were not encrypted or password protected. (*Id.* at 7.) Further, Plaintiff's interest in disclosure outweighs any prejudice to Defendants or third parties because "[d]isclosure of the unredacted emails will prove that

1  Defendant Kyle failed to assess the individual needs of each patient and systematically denied
2  both treatment." (*Id.* at 8.)
3        Defendants filed an opposition to the motion to compel on February 18, 2021. (ECF No.
4  82.) Defendants argue that the motion to compel should be denied for the same reasons
5  explained in the Court's order granting Defendant Kyle's motion for a protective order. (*Id.* at
6  2.) That order is the law of the case and is not subject to attack. (*Id.*) Additionally, the purpose
7  of the CDCR email policy is to protect information such as health status. (*Id.*) Even if
8  Defendant Kyle's emails were not encrypted, which Plaintiff has not shown, the third-party
9  inmate whom the policy was meant to protect should not be punished. (*Id.*)
10       Plaintiff did not file a reply in support of his motion to compel. Instead, on February 25,
11 2021, Plaintiff filed a motion for reconsideration of the Court's order granting Defendant
12 Kyle's motion for a protective order. (ECF No. 84.) Plaintiff argues that the Scheduling Order
13 did not contain deadlines for responding to a motion for protective order and he did not know
14 he was required to respond to Defendant Kyle's motion. (*Id.* at 4.) Plaintiff also reiterates his
15 argument that the third-party inmate's information was disclosed "in a publicly accessible
16 email forum without encryption or password protection[.]" (*Id.* at 5.) Additionally, the third-
17 party inmate's information is highly relevant because Defendant Kyle refused both Plaintiff and
18 this other patient admission to suicide watch after they reported suicidal thoughts despite their
19 individualized needs and prescribed a "no sharps" chrono for both patients despite it having no
20 relationship to Plaintiff's plan to hang himself. (*Id.* at 5-6.) Therefore, this information
21 "demonstrate[s] Defendant Kyle's deliberate indif[ference] to Plaintiff's risk of committing
22 suicide." (*Id.*)
23       Defendants did not file an opposition or otherwise respond to Plaintiff's motion for
24 reconsideration.

## II.    LEGAL STANDARDS

### A.    Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

4

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Furthermore, discoverable information "need not be admissible in evidence." *Id.*

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response…." Fed. R. Civ. P. 37(a)(4).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the party believes the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution of this action. *Haraszewski v. Knipp*, 2020 WL 4676387, at *3 (E.D. Cal. Aug. 12, 2020).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

**B.  Motion for Reconsideration**

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Rule 60(b)(6), plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (citation and internal quotation marks omitted).

### III.    DISCUSSION

As to Plaintiff's request that Defendants produce emails that do not redact the third-party inmate's information, the Court has already granted Defendant Kyle's motion for protective order and directed these emails to be produced in redacted form. (ECF No. 76.) Therefore, the portion of Plaintiff's motion to compel concerning these redactions is construed as a request for reconsideration of the Court's order, along with Plaintiff's motion for reconsideration.

Plaintiff has failed to set forth facts or law that show that he meets any of the above-mentioned reasons for granting reconsideration. Although Plaintiff argues that he did not know he was supposed to respond to Defendant Kyle's motion for protective order, the Court's order directing Defendant Kyle to file that motion also directed Plaintiff to file an opposition by no later than October 30, 2020. (ECF No. 58.) Defendant Kyle's motion also informed Plaintiff that the deadline to oppose the motion was October 30, 2020. (ECF No. 60.)

Moreover, Plaintiff still has not met his burden of explaining how the third-party inmate's information is relevant. Plaintiff argues that the third-party inmate's health information shows that Defendant Kyle "systematically denied" treatment to both inmates, Plaintiff's claims do not challenge a custom, policy, or practice of deliberate indifference. Any "systematic" denial of treatment involving Defendant Kyle's care of others therefore has no bearing on the present question: whether Defendants were deliberately indifferent to a threat of

serious harm or injury to Plaintiff. *See Salinas v. Wang,* 2021 WL 1060160, at *1 (E.D. Cal. Mar. 18, 2021) ("As a general matter, third-party prisoner complaints in deliberate indifference cases are not relevant to whether a defendant as deliberately indifferent to plaintiff, and they are likely inadmissible and of limited probative value."). Because the requested discovery is not relevant to Plaintiff's claims, the Court will not compel Defendants to produce emails without redactions of the third-party inmate's information.

Additionally, under Federal Rule of Evidence 404, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). While this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident[,]" Plaintiff does not seek to use this evidence for any of these purposes. *See* Fed. R. Evid. 404(b)(2). Instead, Plaintiff is requesting the third-party inmate's information in order to show that Defendant Kyle did something similar to Plaintiff to another person at another time.

Although Federal Rule of Evidence 406 allows evidence of a person's habit or an organization's routine practice "to prove on a particular occasion the person or organization acted in accordance with the habit or routine practice[,]" habit refers to "semi-automatic" conduct as opposed to deliberative and volitional conduct like treatment decisions that are at issue here. Fed. R. Evid. 406; *United States v. Angwin,* 271 F.3d 786, 799 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez,* 484 F.3d 1186 (9th Cir. 2007) (en banc). Additionally, habit generally requires regular, numerous examples and not just one instance. *Angwin,* 271 F.3d at 799. The information Plaintiff seeks is therefore generally not admissible to prove that Defendant Kyle was deliberately indifferent to Plaintiff.

The Court's order granting Defendant Kyle's motion for protective order did not address Plaintiff's request for Defendants to produce the responsive emails without CDCR employees' first names redacted. However, it is again unclear how this information might be

relevant. Plaintiff has not explained why he wants this information or what bearing it may have on his claims against Defendants. The Court appreciates the safety and security concerns with identifying employees' first names.  The Court will therefore also deny the motion to compel Defendants to produce emails without redactions of the CDCR employees' first names.

### IV.     CONCLUSION AND ORDER

In light of the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 79) and motion for reconsideration (ECF No. 84) are DENIED.

IT IS SO ORDERED.

Dated:   **April 2, 2021**                              /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE