UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS, | Case No. 1:19-cv-00462-DAD-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (ECF No. 105) |
| K. KYLE, *et al.*, | |
| Defendants. | |

Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to compel a second deposition of Defendant Kyle. (ECF No. 105.) For the following reasons, the Court will deny the motion.

**I.    BACKGROUND**

This action arises out of Plaintiff's claims for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo, and for retaliation in violation of the First Amendment against Defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo. (ECF Nos. 1, 10, 15, 17, 31.)

On February 16, 2021, Plaintiff filed a motion requesting that the Court order California State Prison—Corcoran ("CSP-Corcoran") to facilitate a deposition of Defendant K. Kyle by

1

videoconference. (ECF No. 81.) On March 2, 2021, the Court entered an order allowing the deposition to go forward by remote means for a maximum of two hours of questioning. (ECF No. 88.) The date selected for the deposition with Plaintiff's agreement was March 22, 2021. (*See id.*)

On May 10, 2021, Defendants filed a motion for summary judgment. (ECF No. 99.) On June 14, 2021, Plaintiff filed a motion requesting to modify the Scheduling Order in this case to extend the motion to compel deadline as well as a to extend the deadline for Plaintiff to file an opposition to Defendants' motion for summary judgment. (ECF No. 103.) Plaintiff requested these extensions because he intended to file a motion to compel regarding Defendant Kyle's deposition, which he explained was instrumental to opposing Defendants' summary judgment motion. (*Id.*) The Court entered an order on June 15, 2021, granting Plaintiff's motion and limiting the motion to compel to ten pages in length. (ECF No. 104.)

On July 19, 2021, Plaintiff filed the underlying motion seeking to compel a second deposition of Defendant Kyle at her expense. (ECF No. 105.) Defendant Kyle filed her opposition to Plaintiff's motion to compel on August 10, 2021. (ECF No. 108.) On August 19, 2021, Plaintiff filed a reply in support of the motion to compel. (ECF No. 111.)

## II.     LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Furthermore, discoverable information "need not be admissible in evidence." *Id.*

Once a deposition has been concluded, a party is required to obtain leave of court before noticing the deposition of a deponent who has previously been examined in the same litigation. Fed. R. Civ. P. 30(a)(2)(A)(ii). Under Rule 37 of the Federal Rules of Civil Procedure, "[a]

party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response…." Fed. R. Civ. P. 37(a)(4).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the party believes the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution of this action. *Haraszewski v. Knipp*, 2020 WL 4676387, at *3 (E.D. Cal. Aug. 12, 2020).

### III. DISCUSSION

#### A. Failure to Comply With the Court's Orders

On June 17, 2021, the Court granted Plaintiff's request for an extension of time to file the motion to compel regarding Defendant Kyle's deposition and further ordered Plaintiff to limit the motion to ten pages. (ECF No. 104.) Specifically, the Court stated: "Plaintiff's motion to compel regarding Defendant Kyle's deposition shall not exceed ten (10) pages in length. The Court will deny the motion if Plaintiff files excessive briefing and exhibits." (*Id.*)

Plaintiff's motion totals one hundred and nineteen pages in length, including sixteen pages of briefing and more than one hundred pages of exhibits. (ECF No. 105.) Additionally, although the Scheduling Order in this case states that reply briefs may not exceed ten pages in length, Plaintiff's reply brief is seventeen pages long. (ECF Nos. 37 at 5, 111.) Plaintiff did not seek leave to file briefing in excess of the applicable limitations.

Plaintiff's motion is therefore denied for failure to comply with a Court order.

Although this reason is an independent basis to deny the motion, the Court also addresses Plaintiff's motion on the merits below.

**B. Production of Documents**

Plaintiff's motion first argues that Defendant Kyle failed to bring documents to her deposition. Plaintiff explains that, on March 1, 2021, he served a notice of deposition on Defendant Kyle. (ECF No. 105 at 4.) Plaintiff requested Defendant Kyle produce the following at her deposition:

> all documents related to the subject matter of this lawsuit, all written witness statements supporting her defense, all electronically stored documents intended for use at trial; including but not limited to the suicide risk assessment and self harm evaluation Kyle conducted on [Plaintiff] on 5/2/18; all emails generated concerning [Plaintiff's] mental health on 5/2/18; Dr. Jordan's chrono excluding me from STRH from 9/6/16; Kyle's chrono overriding Jordan's chrono on 9/18/16; all documents Kyle relied on to conclude [Plaintiff] had a possible secondary gain motive to avoiding housing in STRH on 9/8/16; the Mental Health Program Guide; and the Mental Health ICC chrono authored by Kyle on 12/19/17.

(*Id.* at 8-9.)

According to Plaintiff, Defendant Kyle did not bring the requested documents and "employed strategic ignorance of the facts and issues in order to prevent a fair examination." (ECF No. 105 at 5.) Additionally, Defendant Kyle "exploited her coworker[] Sherman['s] dilatory facilitation of the deposition by invoking the 45 day deadline for filing request[s] for production of documents which would have overshot the discovery deadline." (*Id.*) Plaintiff contends that "[l]ogistics made it impractical" for Plaintiff to provide Defendant Kyle with these documents because the deposition was remote and "conducted late in the discovery process through no fault of [Plaintiff]." (*Id.* at 9-10.)

Defendant Kyle argues that she was not obligated to produce any documents at the deposition because Plaintiff's document requests were not served sufficiently in advance of the deposition. (ECF No. 88 at 6.) Additionally, Defendant Kyle has previously produced thousands of documents to Plaintiff, as well as the prison policy and forms he could use to access his mental health file. (*Id.*) If Plaintiff wanted to refresh Defendant Kyle's recollection or question her about a document, it was his obligation as the deposing party to show the document to her, question her about it, and mark it as an exhibit if he so wished. (*Id.*) Plaintiff was being assisted by Atkinson-Baker court reporters as well as Elite Paralegal Services and

could have made arrangements with them to show exhibits to Defendant Kyle. (*Id.*)

On reply, Plaintiff argues that he could have mailed the relevant documents to Defendant Kyle's counsel but Defendant Kyle "already possessed them and refused to bring them" and her counsel "lied and said Plaintiff did not make clear the requested documents were to refresh Kyle's recollection." (ECF No. 111 at 15-16.) Plaintiff also could have secured an exhibit technician from the court reporting company but Plaintiff did not have direct email access like Defendant Kyle did and had to arrange the deposition by mail through a paralegal in Wisconsin. (*Id.* at 16.) CSP-Corcoran staff also delayed facilitating Defendant Kyle's deposition for several months and Plaintiff had to seek court intervention. (*Id.*)

The Court agrees that Defendant Kyle was not legally obligated to produce documents at her deposition because they were not requested sufficiently in advance of the deposition. Under Federal Rule of Civil Procedure 30, a "notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2).[1] The Scheduling Order states that responses to written discovery requests, including requests pursuant to Rule 34, are due forty-five (45) days after the request is first served. (ECF No. 37 at 2.) Here, Plaintiff's notice of deposition is dated March 1, 2021. (ECF No. 105 at 23.)[2] The deposition was noticed for March 18, 2021, but occurred on March 22, 2021. (*Id.* at 20, 44.) Plaintiff therefore provided Defendant Kyle with no more than twenty-one days to produce the specified documents. Thus, Defendant Kyle was under no obligation to produce the requested documents at her deposition.

Even if the document requests were timely, Plaintiff has not shown that the requested documents were needed to fairly examine Defendant Kyle or that Defendant Kyle's failure to bring those documents impeded or delayed the examination. *See* Fed. R. Civ. P. 30(d)(1) ("The

---

[1] The Court provided Plaintiff with relevant portions of Rule 30(b), including subsection (b)(2) regarding production of documents at a deposition, in its order granting in part and denying in part Plaintiff's request for an order requiring CSP-Corcoran to facilitate Defendant Kyle's deposition. (ECF No. 88.)

[2] The notice of deposition does not include a proof of service but Plaintiff's motion represents that it was served on March 1, 2021. (ECF No. 105 at 4.)

5

court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."). Plaintiff concedes in his reply that he could have mailed specific documents to Defendant Kyle's counsel or to the court reporting company. (ECF No. 111 at 15-16.) While Plaintiff argues that it would have been more burdensome for him to mail the documents than it would have been for Defendant Kyle to bring the documents, Plaintiff has not established that any burden was so severe that he was unable to do so. Plaintiff also has not pointed to any authority or basis for requiring Defendant Kyle, rather than Plaintiff, to produce the requested documents in order to refresh her recollection absent a valid and timely Rule 34 document request.

Additionally, Plaintiff's request for documents is not directed at specific documents needed to refresh the witness's recollection at deposition.  It is a very broad document request, including "all documents related to the subject matter of this lawsuit," and "all electronically stored documents intended for use at trial" among other requests. (*See* ECF No. 105 at 21-22.) Setting aside that some of these requests are vague and objectionable on their face, the requests amount to asking the witness to bring every document in the case to the deposition. Such a document collection would be unwieldly and unhelpful. The scope of the requests also belies Plaintiff's assertion now that he required specific documents to refresh the witness's recollection. Defendant Kyle should not have been expected to understand this broad request for all documents in the case as requiring specific documents to refresh her recollection in response to specific questions at the deposition.

Accordingly, the Court finds that Plaintiff is not entitled to conduct a further deposition of Defendant Kyle due to her failure to bring requested documents to her deposition.

### C. Deposition Responses

Plaintiff also argues that Defendant Kyle declared to have personal knowledge about "some . . . matters" in opposing Plaintiff's request for a preliminary injunction, and those "same matters . . . suddenly escaped her at the deposition." (ECF No. 105 at 5.) Defendant Kyle

then "regained her recall in a declaration supporting her motion for summary judgment." (*Id.*) Defendant Kyle "avoided having her recollection refreshed through documents" by failing to bring relevant documents specifically for this purpose, and "evaded numerous questions by failing to give her best estimate." (*Id.* at 6.)  Plaintiff says that Defendant Kyle's conduct was "so egregious that the questions for which she gave evasive answers are too numerous to reiterate." (ECF No. 105 at 10-11.) According to Plaintiff, it would be "unduly burdensome to identify all the ways she ducked and/dodged questions related to her and other staff conspiring to induce [Plaintiff] to commit suicide on 5/2/18, fomented violence with [Plaintiff] and SNY inmates and the absurdity of her defense." (*Id.* at 15-16.) Plaintiff underlines portions of Defendant Kyle's deposition transcript and includes four pages listing various areas of questioning and citations to the deposition transcript that he contends were evasive. (*Id.* at 11-15.) According to the motion, Defendant Kyle's responses to these questions were deficient because they were "a[n] avalanche of 'I don't know' and 'I don't recall,' punctuated with . . . suspect form objections of leading, vagueness, compound, argumentative questions." (*Id.* at 15.)

      Defendant Kyle contends that she made herself available for the remote deposition from her residence and, during the deposition, she could not recall specific interactions with Harris from years earlier because she has had tens of thousands of clinical encounters with countless inmates of the years. (ECF No. 108 at 5-6.) In contrast, she was able to address specific interactions with Plaintiff in her declarations because she could contemporaneously review his relevant mental health records. (*Id.* a 6.) As to Defendant Kyle's inability to answer hypothetical questions, they were vague and required Defendant Kyle to speculate as to an incomplete set of facts. (*Id.* at 7.) No two patients are identical and Defendant Kyle's response to any particular encounter would depend on a variety of actors particular to the inmate in question and the symptoms he is experiencing. (*Id.*) Finally, Defendant Kyle's counsel only made objections to the form of Plaintiff's questions because they would otherwise have been waived, and counsel did not use "prolific" objections to frustrate Plaintiff's ability to depose Defendant Kyle. (ECF No. 88 at 7.)

On reply, Plaintiff argues that Defendant Kyle did not have discretion to decline to answer Plaintiff's deposition questions. (ECF No. 111 at 2.) Additionally, Defendant Kyle "constantly presents herself as an expert in this matter to further her defense" and to oppose Plaintiff's motions. (*Id.* at 3-4.) "Therefore, it is well within Kyle's expertise to take the same simple premise and opine about the proper procedure[.]" (*Id.* at 4.) Plaintiff quotes an exchange which he claims, "exemplifies the pattern of disingenuous evasive answers Kyle gave to Plaintiffs deposition questions[.]" (*Id.* at 5.) According to Plaintiff, Defendant Kyle is "obviously" an unretained expert and "[a]ny deficiencies in Plaintiff's hypothetical questions to Kyle goes to the significance of her answers, not the ascertainment of them." (*Id.* at 7-8.)

Upon review of the record, it does not appear that Defendant Kyle refused to answer any of Plaintiff's questions. Instead, Plaintiff appears to disagree with the substance of Defendant Kyle's responses, and particularly her statements that she could not recall or did not know the answer to a question or that she was unable to answer Plaintiff's hypotheticals. Plaintiff thus has not established that he is entitled to a second deposition at Defendant Kyle's expense under Rule 37.

That said, Plaintiff may use Defendant Kyle's selective lack of recollection to counter her testimony at trial, summary judgment, and other appropriate places. If Defendant Kyle testified at her deposition that she did not remember facts or information about Plaintiff, then her lack of recollection would be relevant to her credibility in any declaration or testimony in which she professes to remember those facts.

### IV. CONCLUSION AND ORDER

In light of the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 105) is DENIED.

\\\
\\\
\\\
\\\

As already set forth in the Court's order granting Plaintiff's motion for extension of time to oppose Defendants' Motion for Summary Judgment, (ECF No. 113), Plaintiff's opposition to Defendants' motion for summary judgment is due within thirty days of the date of this order.

IT IS SO ORDERED.

Dated:  **September 21, 2021**                    /s/ *Erica P. Grosjean*
                                                                    UNITED STATES MAGISTRATE JUDGE