UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>            Plaintiff,<br><br>      v.<br><br>K KYLE, et al.,<br><br>            Defendant. | Case No.  1:19-cv-00462-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR AN EXTENSION OF TIME  TO OPPOSE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO REOPEN DISCOVERY<br><br>(ECF No. 118, 119)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

  Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis in* this civil rights action filed pursuant to 42 U.S.C. § 1983. This action arises out of Plaintiff's claims for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo, and for retaliation in violation of the First Amendment against Defendants Kyle, Moreno, Wright, Overly, Gamez, and Castillo (collectively, "Defendants"). (ECF Nos. 1, 10, 15, 17, 31.)

  Before the Court are: 1) Plaintiff's motion for a 90-day extension of time to file an opposition to Defendants' motion for summary judgment; and 2) Plaintiff's motion to reopen discovery. For the following reasons, the Court will deny the motions but will grant Plaintiff a **final** fourteen-day extension of time to file his opposition to Defendants' motion for summary judgment.

1

## I. BACKGROUND

### A. Scheduling Order and Discovery

The Court held an Initial Scheduling Conference with the parties on January 22, 2020, and discovery opened on that date. (ECF No. 36.) During the Initial Scheduling Conference, which Plaintiff attended telephonically, the Court discussed discovery as well as the schedule for this case. As the Court set the deadlines for discovery, the Court explained that discovery was open, described the types of discovery available to the parties and the process for Plaintiff to obtain third party subpoenas, and discussed the deadline to complete non-expert discovery.[1]

The Court then entered a Scheduling Order on January 29, 2020, which addressed the matters that the Court discussed at the Initial Scheduling Conference and set forth a deadline of August 7, 2020, for completing non-expert discovery. (ECF No. 37.) The non-expert discovery deadline was subsequently extended four times at the parties' request and ultimately expired on March 25, 2021. (ECF Nos. 43, 48, 73, 94.) On March 25, 2021, Plaintiff filed his third request to modify the Scheduling Order and requested an extension of the non-expert discovery deadline. (ECF No. 93.) The Court denied the motion due to Plaintiff's failure to establish good cause to modify the Scheduling Order. (ECF Nos. 93, 94.)

### B. Defendants' Motion for Summary Judgment and Plaintiff's Extension Requests

Defendants filed a motion for summary judgment on May 10, 2021. (ECF No. 99.)

On June 14, 2021, Plaintiff filed a motion which, among other things, requested a 60-day extension of time to oppose Defendants' motion for summary judgment. (ECF No. 103.) Plaintiff explained that he needed additional time to marshal documents in support of his opposition. (*Id.*) The Court entered an order on June 17, 2021 granting Plaintiff's request and extending the deadline for Plaintiff's opposition to August 16, 2021.[2] (ECF No. 104.)

On August 12, 2021, Plaintiff filed his second request for an extension of time to oppose Defendants' motion for summary judgment. (ECF No. 109.) Plaintiff requested a 30-day

---

[1] As there is not a transcript of the hearing, this transcription is unofficial and based on the audio file.

[2] On June 14, 2021, after Plaintiff failed to respond to Defendants' motion for summary judgment within 21 days as required by Local Rule 230(l), the Court entered an order directing Plaintiff to file an opposition to the motion for summary judgment within thirty days. (ECF No. 102.) It appears this order was entered after Plaintiff filed his motion for an extension but before it was received by the Court and filed. Thus, the Court extended the deadline for Plaintiff's opposition an additional thirty days. (*See* ECF No. 104.)

2

extension because he had filed a motion to compel regarding Defendant Kyle's deposition that was pending before the Court and also because Plaintiff had been suspended from physically accessing the library. (*Id.*) On August 16, 2021, the Court entered an order granting Plaintiff's request and extending his opposition deadline to September 16, 2021. (ECF No. 110.)

On September 15, 2021, Plaintiff filed his third request to extend the opposition deadline. (ECF No. 112.) According to Plaintiff's motion, a prison staff member had confiscated his legal material in retaliation for a complaint Plaintiff made. (ECF No. 112.) On September 16, 2021, the Court entered an order granting Plaintiff's request. (ECF No. 113.) Because Plaintiff's motion to compel regarding Defendant Kyle's deposition was pending before the Court, Plaintiff's opposition deadline was extended to 30 days after service of an order on the motion to compel. (*Id.*) On September 21, 2021, the Court entered an order denying Plaintiff's motion to compel, and a copy of the order was served on Plaintiff. (ECF No. 114.)

On November 1, 2021, Plaintiff filed his fourth request for an extension of the deadline to oppose Defendants' motion for summary judgment. (ECF No. 116.) Plaintiff requested an additional 30-day extension because, on the day his opposition was due, a correctional officer removed Plaintiff's legal property and forced him to expend two and a half hours organizing it for storage. (*Id.*) On November 3, 2021, the Court entered an order granting Plaintiff's request and directing him to file his opposition within 30 days of service of the order. (ECF No. 117.) The Court's order was served on Plaintiff by U.S. Mail the same day.

### C. Plaintiff's Pending Motions

On November 29, 2021, Plaintiff filed his fifth request for an extension of his opposition deadline. (ECF No. 118.) Plaintiff requests an additional 90 days to file his opposition because one of his causes of action alleges that Defendants failed to take reasonable action to prevent foreseeable violent confrontations between Plaintiff and protective custody prisoners. (*Id.* at 1-2.) On October 14, 2021, CCI A. Greer disclosed a notice of confidential information to Plaintiff in advance of his upcoming parole hearing. (*Id.* at 2.) According to the disclosure, staff received confidential information on March 16, 2018, that Plaintiff was checking paperwork and threatening other inmates. (*Id.*) Plaintiff contends that this information goes to the heart of his case, particularly his allegation that Defendants placed Plaintiff around protective custody

3

inmates over Plaintiff's objection, knew violation confrontations would occur, and allowed them to occur, as evidenced by Plaintiff's assault on a protective custody prisoner three weeks later on April 6, 2018. (*Id.*) Plaintiff has "moved to reopen discovery to find out who knew what and when." (*Id.*) Plaintiff has filed another grievance on this matter and if "new culprits come to light" Plaintiff will require leave to amend his complaint. (*Id.*)

Plaintiff also filed a separate motion on November 29, 2021, which largely repeats the information in Plaintiff's extension request and further requests that discovery be reopened. (ECF No. 119.) Plaintiff's motion for an extension (ECF No. 118) and motion to reopen discovery (ECF No. 119) are currently before the Court.

## II. DISCUSSION

### a. Request for Extension

The Court may, for good cause, extend a deadline with or without notice where the request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). The Court has wide discretion to grant extensions of time. *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir. 1996).

Additionally, where the party opposing a motion for summary judgment demonstrates in a declaration that he cannot present facts essential to his opposition of the motion, a court may deny or defer consideration of the motion, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). The declaration must set forth "specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir. 2006). "The burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988); *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" *Conkle*, 73 F.3d at 914 (quoting *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)).

The Court will deny Plaintiff's request for a 90-day extension of time to file his opposition to Defendants' motion for summary judgment. (ECF No. 118.) This matter has been pending since April 9, 2019, and this is Plaintiff's fifth request for an extension of his opposition deadline. Plaintiff has not identified any basis for his inability to respond to Defendants' motion. Plaintiff's request seems to be based on additional allegations that he wants to add to his claims, but he has not filed a motion for leave to amend.[3]

Additionally, Plaintiff has not set forth any specific facts that further discovery would reveal or explained why those facts would preclude summary judgment. Plaintiff only generally states that he wants to conduct discovery to figure out who knew what and when, but does not explain what specific information he seeks or how it would be essential to opposing Defendants' motion. Additionally, Plaintiff does not indicate why this information could not be discovered earlier. As discussed below, Plaintiff has not shown diligence in pursuing discovery within the time provided by the Scheduling Order.

For these reasons, the Court will deny Plaintiff's request for a 90-day extension of time to file his opposition to Defendants' motion for summary judgment. However, the Court will grant Plaintiff a **final** extension of 14 days to file his opposition.

### b. Request to Reopen Discovery

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* G*reen Aire for Air Conditioning W.L.L. v. Salem,* 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4), which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

---

[3] Notably, Plaintiff states that he received information regarding a disclosure staff received on March 16, 2018, but Plaintiff's allegations regarding being housed with protective custody inmates occurred in 2017. (*See* ECF No. 1.)

5

Case 1:19-cv-00462-DAD-EPG   Document 120   Filed 12/03/21   Page 6 of 7

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'") (citation omitted).

Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc.*, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")). For example, good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe,* 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609.)

As the Court previously noted in its order denying Plaintiff's March 25, 2021 motion to extend the non-expert discovery deadline:

> This matter has been pending since April 9, 2019. (ECF No. 1.) The Court held an Initial Scheduling Conference with the parties on January 22, 2020, and discovery opened on that date. (ECF No. 36.) During the Initial Scheduling Conference, which Plaintiff attended telephonically, the Court explained that discovery was open, described the types of discovery available to the parties, and discussed the deadlines to complete non-expert discovery and to file motions to compel. The Court then entered a Scheduling Order on January 29, 2020, which addressed the matters that the Court discussed at the conference and set forth deadlines of June 12, 2020 for filing motions to compel, August 7, 2020 for completing non-expert discovery, and September 11, 2020 for filing dispositive motions. (ECF No. 43.) Those deadlines were subsequently extended four times, resulting in the current deadlines of January 22, 2021 for filing motions to compel, March 25, 2021 for completing non-expert discovery, and May 9, 2021 for filing dispositive motions. (ECF Nos. 43, 48, 73, 75.)

(ECF No. 94.)

6

Plaintiff has not shown diligence in pursuing discovery within the time provided by the Scheduling Order. At the Initial Scheduling Conference, the Court orally explained that discovery was open, the types of discovery available to Plaintiff, and the applicable discovery and motion to compel deadlines. These matters were also addressed in the Scheduling Order and a copy was served on Plaintiff. Plaintiff has not provided any explanation as to why non-expert discovery could not be completed by the applicable deadline. It appears Plaintiff seeks to reopen discovery to obtain information in order to amend his complaint, and not to seek discovery regarding the issues in this case. Thus, Plaintiff has failed to meet his burden of establishing good cause for extending the non-expert discovery deadline and the Court will deny Plaintiff's request.

### III. CONCLUSION AND ORDER

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a 90-day extension of time to oppose Defendants' motion for summary judgment (ECF No. 118) and motion to reopen discovery (ECF No. 119) are DENIED; and

2. Plaintiff shall file and serve his opposition to Defendants' motion for summary judgment on or before **December 22, 2021.**

IT IS SO ORDERED.

Dated:   **December 2, 2021**                    /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE