UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K KYLE, et al.,<br><br>　　　　Defendants. | 1:19-cv-00462-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED**<br><br>(ECF No. 128)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for preliminary injunction. (ECF No. 128.) For the reasons discussed below, the Court recommends that Plaintiff's motion be denied.

### I.     BACKGROUND

### A.     Plaintiff's Claims

Plaintiff filed the complaint commencing this action on April 9, 2019. (ECF No. 1.) The complaint alleged, in relevant part, that Plaintiff reported having suicidal thoughts while housed in the Short Term Restricted Housing unit ("STRH") at California State Prison—Corcoran ("CSP—Corcoran") because the windowless cells in STRH lack natural light, but Defendant Kyle nonetheless issued a chrono in September of 2016 indicating that he could be placed in STRH. (*Id.* at 11.) Plaintiff also alleges that Defendants were involved in a decision to place him in the

Indecent Exposure Pilot Program ("IEX Program"), which mixed protective and non-protective custody inmates, despite knowing that if Plaintiff "programmed peacefully with the protective custody inmates in IEX that he would be subject to attack by other non-protective custody inmates when released back to general population." (*Id.* at 19.) Plaintiff alleges that he had physical altercations with protective custody inmates while in the IEX Program. (*Id.* at 19-20.)

On May 28, 2019, the Court entered an order screening Plaintiff's complaint. (ECF No. 10.) The Court found that Plaintiff's complaint stated cognizable claims for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo ("Defendants") and a cognizable claim for retaliation in violation of the First Amendment against Defendants Kyle, Moreno, Wright, Overly Gamez, and Castillo. (*Id.* at 15.) The Court entered findings and recommendations consistent with the screening order and the findings and recommendations were adopted in full. (ECF Nos. 17, 31.)

On May 10, 2021, Defendants filed a motion for summary judgment. (ECF No. 99.) On March 31, 2022, the Court entered findings and recommendations recommending that Defendants' motion for summary judgment be granted. (ECF No. 134.) Those findings and recommendations are currently pending before District Judge Dale A. Drozd.

### B.     Plaintiff's Prior Motion

On October 13, 2020, Plaintiff filed a motion for preliminary injunction. (ECF No. 62.) This motion requested that the Court issue an order requiring CSP—Corcoran to keep Plaintiff in the Long Term Restricted Housing unit ("LTRH") until a trial in this case. (*Id.*) On Mach 4, 2021, the Court entered findings and recommendations recommending that Plaintiff's motion be denied. (ECF No. 90.) The Court found that Plaintiff failed to establish that irreparable harm was likely, the motion went beyond the allegations of the complaint, Plaintiff had not shown that he was likely to succeed on the merits or the balance of equities favored injunctive relief, and the motion sought relief against non-defendants. (*Id.*) On May 24, 2021, District Judge Drozd entered an order adopting the findings and recommendations in full and denying the motion. (ECF No. 100.)

### C.     Plaintiff's Pending Motion

Plaintiff filed the underlying motion for injunctive relief on February 8, 2022. (ECF No.

134.) Plaintiff explains that, on November 15, 2019, he was convicted of five counts of indecent exposure for purportedly masturbating in his prison cell on occasions when female staff saw him. (*Id.* at 2-3.) On January 27, 2022, the Inmate Classification Committee ("ICC") at CSP-Corcoran, which included Defendant Kyle, convened and suspended Plaintiff's determinate segregation term over Plaintiff's objection and in violation of prison procedures, which require a finding that Plaintiff no longer poses a threat to the safety of any person or the security of the institution. (*Id.* at 3.) The ICC knew that the accusations of indecent exposure made "segments of general population antagonistic towards" Plaintiff. (*Id.* at 3-4) Plaintiff "do[es] not intend to employ the fool hardy notion of appealing to staff to protect me. Rather, I will employ violence." (*Id.* at 4.) Plaintiff also has "yellow placard security precautions" affixed to his cell, which he explains were implemented to avoid accusations that CDCR is creating a hostile work environment through indifference to inmate masturbation. (*Id.* at 4-5.) Additionally, Plaintiff has a history of assaulting protective custody inmates and therefore the only viable option is administrative SHU. (*Id.* at 5.) Nevertheless, the ICC referred Plaintiff for transfer to the general population at California State Prison—Sacramento or North Kern State Prison. (*Id.*) The ICC knows of Plaintiff's risk to commit suicide in STRH and threatened to send Plaintiff there if staff issues him a rule violation report carrying a determinate segregation term and jeopardizing the ICC's ability to transfer Plaintiff to general population. (*Id.* at 6-7.)

Defendants did not file an opposition or otherwise respond to the motion. The matter was submitted on the record without oral argument pursuant to Local Rule 230(l).

**II.    LEGAL STANDARDS**

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive

relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

### III.   ANALYSIS

The Court will recommend that the motion be denied.

Plaintiff has not established that he is likely to succeed on the merits. Notably, the Court has issued findings and recommendations recommending that summary judgment be granted in favor of Defendants on the merits of Plaintiff's claims. (*See* ECF No. 134.) Plaintiff concludes in the motion that he is likely to succeed on the merits but only generally describes the allegations of the complaint. He has not submitted any declarations, witness statements, discovery, or other evidence in support of the motion suggesting Defendants were deliberately indifferent to a serious risk of harm in violation of his Eighth Amendment rights or retaliated against him in violation of his First Amendment rights.

     Additionally, Plaintiff's allegation that he faces irreparable harm is speculative. Plaintiff must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Caribbean Marine Srvs. Co. v. Baldridge,* 844 F.2d 668, 675 (9th Cir. 1988) (where "multiple contingencies" must occur before the alleged injury occurred, the threat was too speculative to constitute "an irreparable harm justifying injunctive relief.").

     Plaintiff also has not identified any immediate threat to his safety and has not submitted evidence suggesting that there are inadequate safeguards in place to protect Plaintiff if he is moved to general population. Instead, Plaintiff indicates that he refuses to utilize those protections and states he will instead commit violence. (ECF No. 134.) *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff . . . faces imminent harm.").

     Plaintiff's motion also goes beyond the allegations of the complaint. This case is proceeding on 1) Plaintiff's claims for deliberate indifference to serious risk of harm in violation of the Eighth Amendment against Defendants Kyle, Grossman, Thompson, Depovic, Moreno, Overly, Wright, Gamez, and Castillo; and 2) Plaintiff's claim for retaliation in violation of the First Amendment against Defendants Kyle, Moreno, Wright, Overly Gamez, and Castillo. (*See* ECF Nos. 1, 10, 17, 31.) Plaintiff's deliberate indifference claims relate to his allegations that Defendant Kyle issued a chrono in September of 2016 indicating that he could be placed in STRH even though Plaintiff had reported becoming suicidal when housed in STRH because the cells lack natural light, as well as his allegations that he got in to physical altercations with protective custody inmates while in the IEX Program. (*See* ECF No. 1 at 11, 19-20.)

     Here, Plaintiff requests that he not be transferred general population, but this does not indicate that Defendants, or even anyone at CDCR, are failing to follow protocols regarding suicide prevention or enemy classification. Moreover, Plaintiff's complaint does not allege that he was attacked while in general population, and instead alleges that he got into physical altercations with protective custody inmates in the IEX Program in order to protect himself from potential attack by non-protective custody inmates in general population. Plaintiff also does not allege that

general population yards suffer from the same issues regarding lack of adequate windows as STRH. To the contrary, general population yards generally enjoy more access to activities, including outdoor activities. Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Plaintiff also fails to show the balance of equities supports injunctive relief. "Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions." *Jimenez v. Diaz*, 2019 WL 5541372, at *4 (E.D. Cal. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1911570 (E.D. Cal. Apr. 20, 2020) (citation omitted); *Turner v. Safley*, 482 U.S. 78, 85 (1987) (noting that the government is afforded widest latitude in cases involving the administration of state prisons). Plaintiff has not shown that the equities favor this Court interfering with a prison classification decision.

In light of the foregoing, the Court will recommend that the motion be denied.

### IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 134) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections.

\\\
\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 13, 2022**                             /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE